UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

YVONNE RUIZ,              }
                        }
    Plaintiff,         }
                        }
v.                      }       CIVIL ACTION FILE
                        }       NO. _____
JEREMY TYREL REYNOLDS,  }
                        }
    Defendant.      }
_____  }

## **COMPLAINT FOR DAMAGES**

For and in support of her claim for damages, the Plaintiff, Yvonne Ruiz, shows to the Court as follows:

### Jurisdiction

1. This action arises under the authority vested in the Court by virtue of 42 U.S.C. 1983, 28 U.S.C. 1331, 28 U.S.C. 1343(3) and 28 U.S.C. 1367.

### Parties

2. The Plaintiff, Yvonne Ruiz, is a female citizen of the United States and the State of Georgia.

3. Defendant Jeremy Tyrel Reynolds was, at all times pertinent hereto, a male law enforcement officer employed the DeKalb County, Georgia, Police

Department, and acting under the color of state law for purposes of 42 U.S.C. 1983. Reynolds is sued in his individual capacity and is a resident of the Northern District of Georgia, Atlanta Division.

4. This Court has jurisdiction over the adjudication of the allegations concerning the conduct of the Defendant and venue is properly found with this Court where the actions about which Plaintiff complains took place in DeKalb County, Georgia, within the Northern District of Georgia.

<u>Factual Allegations</u>

5. On January 22, 2010, Yvonne Ruiz was driving a motor vehicle alone on an interstate highway within DeKalb County, Georgia.

6. Reynolds was driving a county owned police equipped vehicle along the same interstate highway as Ruiz.

7. Reynolds followed the vehicle being driven by Ruiz and eventually summoned Ruiz to pull her vehicle out of the active lanes of traffic.

8. Ruiz complied with the direction of Reynolds.

9. At and before the vehicle stop under Reynolds' direction, Ruiz was not committing any act in violation of the motor vehicle rules of the road of the State of Georgia.

10. At and before the vehicle stop under Reynolds' direction, Reynolds did not have any probable cause upon which a reasonable officer would be able to conclude or suspect that Ruiz was engaged in criminal conduct.

11. Reynolds asked for and received Ruiz's driver's license.

12. Ruiz complied with each instruction given to her by Reynolds.

13. Reynolds directed that Ruiz exit her vehicle, which she did. After she exited her vehicle, Reynolds frisked Ruiz and removed everything from her pockets.

14. Reynolds handcuffed Ruiz and placed her into the back of the police vehicle.

15. After placing Ruiz into the back seat of the police vehicle, and while he was in the front seat of the vehicle, Reynolds asked a number of questions of Ruiz, including whether or not she was married and whether or not she had children.

16. Reynolds then exited the front seat and walked to the right rear passenger door; he then opened the door.

17. Reynolds removed Ruiz's handcuffs and told her to show him her breasts.

18. Ruiz refused to do so.

19. Reynolds then grabbed Ruiz's shirt and lifted it above her bra.

-3-

20. Ruiz resisted Reynolds' physical efforts to lift her shirt further.

21. Reynolds then pulled Ruiz from the vehicle and forcefully and aggressively frisked Ruiz again, groping her breast and groping elsewhere on her body.

22. Reynolds then handcuffed Ruiz again and put her back into his vehicle.

23. Reynolds transported Ruiz to the DeKalb County Jail, where Ruiz was received into the custody of the DeKalb County Sheriff's Department.

24. Following her release from custody, Ruiz went to an office of internal affairs for DeKalb County, and reported the conduct of Officer Reynolds.

25. Officer Reynolds was thereafter arrested.

26. Officer Reynolds has been indicted by the DeKalb County Grand Jury on charges arising from his contact with Ruiz.

27. At a time prior to his assault of Ruiz, Reynolds had engaged in sexual misconduct with at least one other female arrestee in his custody and while he was acting under color of law.

28. As a direct and proximate result of Reynolds' conduct Ruiz was humiliated and embarrassed. As a direct and proximate result of Reynolds' conduct, Ruiz has suffered emotional pain and suffering.

29. Reynolds conduct as directed to Ruiz served no legitimate security or law enforcement purpose.

Causes of Action

30. Reynolds' actions resulted in and constituted unreasonable infliction of emotional and physical harm upon and to the Plaintiff, and constituted an violation of Plaintiff's civil rights as guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

31. Reynolds' actions constituted a violation of the equal protection guarantees of the Fourteenth Amendment of the United States Constitution.

32. Reynolds' actions constituted a violation of Ruiz's right under the laws of the State of Georgia to be free from assault and battery.

33. Reynolds engaged in conduct which resulted in the deprivation of the Plaintiff's right to bodily privacy and integrity in violation of the Fourteenth Amendment of the United States Constitution.

34. Reynolds' conduct constituted a breach of Ruiz's right arising under the laws of the State of Georgia to be protected from abuse in being arrested or while in custody and constituted the intentional infliction of emotional distress.

Prayer for Relief

WHEREFORE, Plaintiff prays that this Honorable Court:

a. Award special, punitive and compensatory damages against the Defendant in an amount subject to proof;

b. Award attorneys' fees to the Plaintiff in accordance with the Court's authority under Georgia law and by virtue of 42 U.S.C. § 1988; and

c. Award such other relief as to this Court is deemed just and proper.

PLAINTIFF DEMANDS TRIAL BY JURY.

Respectfully submitted,

S/ G. BRIAN SPEARS
Bar No. 670112
Attorney for Plaintiff

1126 Ponce de Leon Ave., N.E.
Atlanta, Georgia 30306
Tele:  (404) 872-7086
Fax:   (404) 892-1128
Email: Bspears@mindspring.com